# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alice Crowner, | Civil Action No. 3:18-cv-02656-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Davis Sofarelli, | |
| Defendant. | |

Plaintiff Alice Crowner filed the instant action against Defendant Davis Sofarelli seeking damages as a result of injuries she sustained from a motor vehicle accident.

This matter is before the court pursuant to Defendant's Motion in Limine to exclude Dr. Charles Benedict, Ph.D. ("Dr. Benedict"), from testifying as an expert witness at trial. (ECF No. 42.) Defendant's Motion is unopposed. For the reasons stated herein, the court **DENIES** Defendant's Motion.

## I. RELEVANT BACKGROUND TO THE MOTION

Plaintiff alleges that on February 5, 2018, in Richland County, South Carolina, she was injured when Defendant suddenly backed out of a parking space and struck Plaintiff's vehicle. (ECF No. 1-1 at 2 ¶¶ 5–7.) Plaintiff claims that Defendant was negligent, through his acts and omissions, in operating the vehicle and was the direct and proximate cause of Plaintiff's injuries and damages. (*Id.* at 3 ¶ 9.)

Plaintiff filed an action on August 22, 2018, against Defendant in the Richland County, South Carolina Court of Common Pleas (case number 18-CP-4004498), alleging a state law claim of negligence. (*Id.*) On September 28, 2018, Defendant removed the case to this court and filed an Answer. (ECF No. 3.)

On March 28, 2019, Plaintiff filed and served her Expert Witness Disclosure naming Dr. Charles E. Benedict , as one of her expert witnesses. (ECF No. 19.) On October 25, 2019, Defendant filed the instant Motion to Exclude Dr. Benedict from testifying as an expert in this case because "his qualifications, education, and experience and lack thereof . . . do not meet the requirements of this court for admissibility." (ECF No. 42 at 1 ¶ 3, 2 ¶ 5.) More specifically, "Dr. Benedict's testimony does not meet the requirements of the *Daubert* standard, as required by this Court for admissibility of expert testimony." (*Id.* at 1 ¶ 4.) Defendant's Motion is unopposed.

## II. JURISDICTION

This court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See* ECF No. 1-1.) Plaintiff is a citizen and resident of Richland County, South Carolina. (*Id.* ¶ 1.) Defendant is a citizen and resident of the State of North Carolina. (*Id.* ¶ 2.) The court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.* at 2; *see also* ECF No. 1 at 1 ¶ 6.)

## III. LEGAL STANDARDS

The admissibility of expert witness testimony is specifically governed by Rule 702, which provides that an expert may offer their opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In determining whether expert witness testimony is admissible, the court evaluates whether it is reliable first and then whether it is relevant. *Daubert v. Merrell Dow.*

*Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999).

In making an assessment of reliability, courts, acting as a "gatekeeper" in determining the admissibility of expert testimony, may consider a number of factors, including: (1) whether a theory or technique can and has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error, in conjunction with the existence and maintenance of standards controlling the technique's operation; and (4) whether there is "general acceptance" of the theory or technique within the relevant scientific community.[1] *Daubert*, 509 U.S. at 589, 592–595. But *Daubert*'s list of factors is "meant to be helpful, not definitive" and "do not all necessarily apply even in every instance in which the reliability of scientific testimony is challenged." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999). In determining the relevance component of admissibility, the court must ascertain "whether the testimony is sufficiently tied to the facts of the case such that it will aid the jury in resolving a factual dispute." *Wickersham v. Ford Motor Co.*, Nos. 9:13-cv-1192-DCN, 9:14-cv-0459-DCN, 2016 WL 5349093, at *2 (D.S.C. Sept. 26, 2016) (citing *Daubert*, 509 U.S. at 593); *see also Westberry*, 178 F.3d at 260. The United States Court of Appeals for the Fourth Circuit has stated that "the touchstone of admissibility is whether the testimony will assist the trier of fact." *Wehling v. Sandoz Pharmaceuticals Corp.*, 162 F.3d 1158, 1998 WL 546097, at *3 (4th Cir. 1998) (table decision).

The Fourth Circuit has also identified two guiding principles for courts' decisions on the

---

[1] Additionally, as to relevance, Rule 403 of the Federal Rules of Evidence permits exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

admissibility of expert witness testimony. *Westberry*, 178 F.3d at 261. First, "court[s] should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence" and second "court[s] must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Id.* Regardless, "the proponent of the [expert] testimony must establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

## IV. ANALYSIS

Defendant seeks to exclude Dr. Benedict from testifying as an expert witness at trial because his qualifications, education, and experience allegedly do not meet this court's admissibility requirements. Although Defendant states that Dr. Benedict's testimony does not meet the requirements of the *Daubert* standard, Defendant merely cites to Fed. R. Evidence 702. However, he fails to provide a Memorandum in Support of his motion to elaborate on the merits of this argument. *See* Local Civ. Rule 7.04.[1] Because Defendant's motion sets forth neither sufficient facts nor law upon which the court might render a decision and because Defendant filed a similar motion with the court, Defendant's Motion in Limine is denied as moot.[2]

## V. CONCLUSION

For the reasons set forth above, the court **DENIES AT MOOT** Defendant's Motion in Limine to exclude Dr. Charles Benedict, Ph.D., from testifying as an expert witness at trial. (ECF No. 42.)

---

[1] Local Civ. Rule 7.04: Supporting Memoranda. All motions made other than in a hearing or trial or to compel discovery shall be timely filed with an accompanying supporting memorandum that shall be filed and made part of the public record. However, unless otherwise directed by the court, a supporting memorandum is not required if a full explanation of the motion as set forth in Local Civ. Rule 7.05 (D.S.C.) is contained within the motion and a memorandum would serve no useful purpose. Where appropriate, motions shall be accompanied by affidavits or other supporting documents.

[2] The court observes that Defendant filed a Motion to Exclude Dr. Charles Benedict (ECF No. 38), moving to "exclude [Dr. Benedict] as a testifying witness in this case, as he is not qualified to testify as an expert and his opinions do not meet the requirements of this court for admissibility" (ECF No. 38 at 2), which is the same request as the instant motion.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

April 9, 2020
Columbia, South Carolina