# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Alice Crowner, | ) | Civil Action No. 3:18-cv-02656-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Davis Sofarelli, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Alice Crowner filed the instant action against Defendant Davis Sofarelli seeking damages as a result of injuries she sustained from a motor vehicle accident.

This matter is before the court pursuant to Plaintiff's Motion in Limine to exclude any evidence and expert testimony from Dr. Amber Stern, Ph.D. ("Dr. Stern"), Defendant's witness, that are related to or reliant upon information provided by Robert E. Bailey, III, M.S., P.E. ("Bailey") a purportedly undisclosed witness. (ECF No. 40.) Defendant opposes the Motion in its entirety. (ECF No. 48.) For the reasons stated herein, the court **DENIES** Plaintiff's Motion (ECF No. 40).

## I. RELEVANT BACKGROUND TO THE MOTION

Plaintiff alleges that, on February 5, 2018, in Richland County, South Carolina, she was injured when Defendant suddenly backed out of a parking space and struck Plaintiff's vehicle. (ECF No. 1-1 at 2 ¶¶ 5–7.) Plaintiff claims that Defendant was negligent, through his acts and omissions, in operating the vehicle and was the direct and proximate cause of Plaintiff's injuries and damages. (*Id.* at 3 ¶ 9.)

Plaintiff filed an action on August 22, 2018, against Defendant in the Richland County, South Carolina Court of Common Pleas (case number 18-CP-4004498), alleging a claim of

1

negligence. (*Id.*) On September 28, 2018, Defendant removed the case to this court and filed an Answer. (ECF Nos. 1, 3.) On May 31, 2019, Defendant filed and served his Expert Witness Disclosure, naming Dr. Stern as his only expert witness. (ECF No. 22.) On October 25, 2019, Plaintiff filed the instant Motion to "exclude evidence and expert testimony purportedly to be provided by Defendant's Expert Witness, [Dr. Stern] that is related to or reliant upon any accident reconstruction opinions and calculations provided by Bailey, a [purported] undisclosed expert." (ECF No. 40 at 1 ¶ 3.) More specifically,

> Plaintiff seeks to exclude any evidence and expert testimony to be provided by Dr. Stern that is related to or reliant upon the Human Vehicle Environment (HVE) simulation, Delta V calculations, Primary Direction of Force (PDOF) calculations, Peak Acceleration calculations, Longitudinal Acceleration calculations, or Lateral Acceleration calculations as the foregoing simulation and calculations were not performed by Dr. Stern, but were directly performed by Robert E. Bailey, III, M.S., P.E., an undisclosed witness

(*Id.* at 1–2 ¶ 4.) Defendant filed a Response in Opposition to Plaintiff's Motion on November 8, 2019. (ECF No. 48.) Plaintiff's Motion (ECF No. 40) is ripe for review.

## II. JURISDICTION

This court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See* ECF No. 1-1.) Plaintiff is a citizen and resident of Richland County, South Carolina. (*Id.* ¶ 1.) Defendant is a citizen and resident of the State of North Carolina. (*Id.* ¶ 2.) The court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.* at 2; *see also* ECF No. 1 at 1 ¶ 6.)

## III. LEGAL STANDARDS

The admissibility of expert witness testimony is specifically governed by Rule 702, which provides that an expert may offer their opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the

2

trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In determining whether expert witness testimony is admissible, the court evaluates whether it is reliable first and then whether it is relevant. *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999).

In making an assessment of reliability, courts, acting as a "gatekeeper" in determining the admissibility of expert testimony, may consider a number of factors, including: (1) whether a theory or technique can and has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error, in conjunction with the existence and maintenance of standards controlling the technique's operation; and (4) whether there is "general acceptance" of the theory or technique within the relevant scientific community.[1] *Daubert*, 509 U.S. at 589, 592–595. But *Daubert*'s list of factors is "meant to be helpful, not definitive" and "do not all necessarily apply even in every instance in which the reliability of scientific testimony is challenged." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999). In determining the relevance component of admissibility, the court must ascertain "whether the testimony is sufficiently tied to the facts of the case such that it will aid the jury in resolving a factual dispute." *Wickersham v. Ford Motor Co.*, Nos. 9:13-cv-1192-DCN, 9:14-cv- 0459-DCN, 2016 WL 5349093, at *2 (D.S.C. Sept. 26, 2016) (citing *Daubert*, 509 U.S. at 593); *see also Westberry*, 178 F.3d at 260. The United States Court of Appeals for the Fourth Circuit has stated

---

[1] Additionally, as to relevance, Rule 403 of the Federal Rules of Evidence permits exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

that "the touchstone of admissibility is whether the testimony will assist the trier of fact." *Wehling v. Sandoz Pharmaceuticals Corp.*, 162 F.3d 1158, 1998 WL 546097, at *3 (4th Cir. 1998) (table decision).

The Fourth Circuit has also identified two guiding principles for courts' decisions on the admissibility of expert witness testimony. *Westberry*, 178 F.3d at 261. First, "court[s] should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence" and second "court[s] must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Id.* Regardless, "the proponent of the [expert] testimony must establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

## IV. ANALYSIS

Plaintiff seeks to exclude all evidence and any expert testimony to be provided by Dr. Stern relating to simulations and calculations performed by Bailey. Plaintiff's chief argument is that Bailey is an undisclosed witness. However, the issue of whether Bailey is an undisclosed witness upon which Dr. Stern may base her opinion was subsequently determined unfavorably for Plaintiff, and thus undermines her argument. Specifically, in an Order dated March 11, 2020, the court denied Plaintiff's Motion to Exclude Defendant's expert Robert E. Bailey (ECF No. 29) from providing any expert testimony and/or expert opinions at the trial of this matter. (ECF No. 55.)

In her motion (ECF No. 29), Plaintiff argued that Bailey should be excluded because Defendant failed to timely identify Bailey by full name, address, and telephone number in a disclosure and, therefore, violated Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In determining that Bailey's testimony would be allowed at trial, this court considered

whether the allegedly deficient disclosure of witness information was substantially justified or harmless. The court considered: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony" and found the deficient disclosure was harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). The court allowed Defendant to use Bailey as an expert at trial and authorized Plaintiff to depose Bailey, as well. (ECF No. 55.) Consequently, because the court has already determined that Bailey is not an undisclosed expert and the notion that Bailey is an undisclosed expert forms the basis of her Motion in Limine, Plaintiff's Motion (ECF No. 40) is denied.

## V. CONCLUSION

For the reasons set forth above, the court DENIES Plaintiff's Motion in Limine to exclude any evidence and expert testimony from Dr. Amber Stern that are related to or reliant upon information provided by Robert E. Bailey (ECF No. 40).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 10, 2020
Columbia, South Carolina