IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Alice Crowner, | ) | Civil Action No.: 3:18-cv-02656-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Davis Sofarelli, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court to address Defendant's Motion in Limine (ECF No. 97) seeking "to exclude use or reference to [at trial of] new materials from Plaintiff's biomechanical expert, Dr. Charles Benedict[,] including photos and videos depicting an entirely new 'experiment' Dr. Benedict conducted recently to support his theories" and "slides [which] reveal an entirely new set of assumptions and calculations about number of rotations of [Plaintiff's steering] wheel and the time interval." (*Id.* at 1.) In this regard, Defendant argues that the court should exclude slides 10, 11, 16–34, and 36 of Dr. Benedict's evidentiary presentation pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure because Plaintiff failed to timely provide this information to Defendant. (ECF No. 97 at 2–3.) Plaintiff opposes the Motion in Limine arguing that the evidence at issue "is not a new experiment, but rather a demonstrative aid to assist the court and the jury in understanding what happens to the steering wheel of a vehicle when the front wheels are struck and suddenly rotated counterclockwise." (ECF No. 105 at 2 ¶ 5 (citation omitted).) In his Reply, Defendant asserts that Dr. Benedict's new evidence was not timely produced and labeling it as "demonstrative" does not cure the untimeliness. (ECF No. 106 at 3.)

      Upon its review, the court observes that Defendant does not appear to challenge Dr.

1

Benedict's qualifications as an expert under Rule 702 of the Federal Rules of Evidence.[1]  Instead, the crux of the parties' dispute is whether Plaintiff's disclosure of new information from Dr. Benedict was timely provided to Defendant.  To this point, the court observes that even if the submission was untimely, Plaintiff can still use Dr. Benedict's new information at trial if Plaintiff's failure to timely provide it is "substantially justified or is harmless."  *See* Fed. R. Civ. P. 37(c)(1).  "In determining whether to exclude untimely expert disclosures, courts . . . consider five factors: '(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.'"  *Gallagher*, 568 F. Supp. 2d at 631–32 (quoting *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

In considering the aforementioned factors, the court observes that any surprise created by the new information from Dr. Benedict is nominal because Defendant already had notice regarding the general substance of Dr. Benedict's testimony.  Moreover, in light of Plaintiff's explanation that the new evidence is demonstrative, the court believes the surprise to Defendant can be cured

---

[1] The court observes that Defendant does also complain that "Dr. Benedict's new 'experiment' . . . . makes a mockery of the scientific method and is misleading" because he (1) failed to "use a Dodge Charger like the plaintiff had," (2) elevated the tires of the replacement car when "[t]he accident in this case involved all four of the plaintiff's tires on the ground," (3) used a different model Jeep, and (4) used a skeleton instead of a replica human body. (ECF No. 97 at 3.)  However, Defendant never expressly asserts that Dr. Benedict's evidence is not relevant or reliable in accordance with the elements set forth in Rule 702.  *See* Fed. R. Evid. 702 ("A witness [] qualified as an expert . . . may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.").  *See, e.g.*, *Mendoza v. Gen. Motors, LLC*, C/A No. 1:16-cv-00967-LJO-JLT, 2018 WL 4616534, at *2 (E.D. Cal. Sept. 25, 2018) ("To the extent that Plaintiff objects to the graphics as misleading, that objection goes to the weight to be given to the graphics, not to their admissibility. Plaintiff is free to explore the methods used by Benson to compile the graphics through cross-examination.").

by an effective cross-examination at trial by his counsel. Finally, the court perceives that the evidence has great importance to Plaintiff and its allowance will not cause any disruption to the trial. Therefore, after careful consideration of the record and the parties' arguments, the court **DENIES** Defendant's Motion in Limine Regarding Dr. Benedict's New Materials. (ECF No. 97.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 19, 2021
Columbia, South Carolina

3